UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVIRON TECHNOLOGIES, INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>WESTERN STATES INTERNATIONAL, INC. et al.,<br><br>            Defendants. | No.  1:15-cv-01643-DAD-JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)<br><br>(Doc. Nos. 17, 21, 25, 28)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>(Doc. No. 29) |

   This matter comes before the court on a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), and a motion for attorney's fees and costs both brought on behalf of defendants Western States International, Inc. ("WSI") and Ingrid Aliet-Gass.  A hearing on these motions was held February 16, 2016.   Joseph M. Hoats appeared in person on behalf of plaintiff Inviron Technologies, Inc. ("Inviron").  Anthony Alexander Gorman appeared telephonically on behalf of defendants WSI and Aliet-Gass.  The court has considered the parties' briefs[1] and oral arguments,

---

[1]  Plaintiff filed an untimely opposition the day before the hearing.  (Doc. No. 42.)  Nonetheless, as indicated at the hearing, the court has considered that untimely filed brief.

1

1  and for the reasons set forth below, GRANTS defendants' motion to dismiss and DENIES the
2  motion for attorney's fees and costs.

3  FACTUAL AND PROCEDURAL BACKGROUND

4  Plaintiff Inviron commenced this action on October 23, 2015.[2]  (Doc. No. 1.)  According
5  to plaintiff's complaint, defendants WSI and Riverwood Energy, LLC ("Riverwood") entered into
6  a Letter of Intent agreement ("LOI") in or around June 2009 pursuant to which Riverwood would
7  acquire a 70% working interest from WSI in certain land leases located in Kern County,
8  California.  (*Id.* ¶¶ 80–82.)  In or around July 2009, defendants WSI and Riverwood entered into
9  a Joint Operating Agreement ("JOA") setting forth additional rights and obligations of the parties,
10 with respect to ownership and operation of the land leases.  (*Id.* ¶ 83.)  Specifically, Riverwood
11 agreed to fund certain repairs in exchange for its ownership interest in the leases.  (*Id.*)
12 Thereafter, defendant WSI designated Riverwood as WSI's agent and as the operator of the land
13 leases, and Riverwood began work on, and investment in, the properties pursuant to the
14 agreements.  (*Id.* ¶¶ 85–87.)  Plaintiff alleges that defendants WSI and Aliet-Gass represented to
15 several other parties that WSI's interest in the land leases was "free and clear from any liens
16 and/or judgments," and that WSI, through Aliet-Gass, entered into agreements with those parties
17 for the same interest they purportedly transferred to defendant Riverwood.  (*See, e.g.*, *id.* ¶¶ 55–
18 75, 96–97, 101.)

19  In or around August 2012, Riverwood was sold to defendant Jose Miguel Aguilar and
20 later transferred to defendant Anthony Aguilar in December 2012.  (*Id.* ¶ 88.)  Riverwood then
21 sold or assigned its interest in the JOA to plaintiff Inviron.  (*Id.* ¶ 102.)  Plaintiff Inviron's
22 complaint generally seeks a declaratory judgment finding that:  (1) the agreement between
23 Inviron and Riverwood — the JOA separately, or in combination with the LOI — is valid and is
24 the only enforceable agreement relating to the land leases in question; (2) defendants WSI and
25 Aliet-Gass are in breach of the agreement; (3) as a result of the breach, plaintiff is entitled to

---

[2] Plaintiff's complaint names at least twenty-five defendants.  While summons have been issued for a majority of defendants, no proofs of service have been filed, and to date only five defendants—WSI, Ingrid Aliet-Gass, Riverwood Energy, LLC, Riverwood Gas and Oil LLC, and Derek M. Willshee — have made appearances before this court.

certain rights and remedies under the agreement; and (4) an assignment of rights, dated 2006, between defendants WSI and Tearlach Resources Ltd., is invalid.  Plaintiff also appears to seek injunctive relief as to defendants WSI and Aliet-Gass, as well as mandamus relief against federal and state agencies.

Plaintiff Inviron asserts that this court has federal subject matter jurisdiction — both diversity jurisdiction and subject matter jurisdiction — over the claims set out in its complaint.  In particular, Inviron contends that this court has subject matter jurisdiction because the U.S. Department of the Interior, Bureau of Land Management originally issued the land leases in question to defendant WSI, pursuant to the Mineral Leasing Act of 1920, 30 U.S.C. § 181 et seq.[3]

On December 21, 2015, defendants WSI and Aliet-Gass filed the instant motion to dismiss plaintiff's claims.  (Doc. No. 25.)  On December 28, 2015, defendants filed an addendum to their motion.  (Doc. No. 28.)  Separately, defendant Derek Willshee, proceeding pro se, filed a request for dismissal.  (Doc. Nos. 17, 21.)  To the extent the instant motion to dismiss covers claims also alleged against defendant Willshee, the court will liberally interpret defendant Willshee's request for dismissal as a joinder in this motion.  *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

In addition, on December 28, 2015, defendants WSI and Aliet-Gass filed a motion for attorney's fees and costs.  (Doc. No. 29.)  Defendants' motion essentially seeks the imposition of sanctions against plaintiff and its counsel, pursuant to both 28 U.S.C. § 1927 and the district

/////

/////

/////

---

[3] On November 17, 2015, defendant Jose Miguel Aguilar filed a notice of removal of a separate state court proceeding from the Kern County Superior Court.  *See Riverwood Energy, LLC v. W. States Int'l, Inc.*, No. 1:15-cv-01736-DAD-JLT, Doc No. 1. (E.D. Cal. Nov. 17, 2015).  In that case, which appears to involve substantially similar disputes as the ones presented in this case, defendant Aguilar also argues this court has subject matter jurisdiction over the action because the contracts at issue—the LOI and JOA—relate to property rights affecting oil and gas leases that were granted by the federal government pursuant the Mineral Leasing Act.  *Id.* at 3–4.  On November 24, 2015, pursuant to Local Rule 123, this court issued an order relating the instant case and the *Riverwood* case. (Doc. No. 18.)

court's inherent power to impose sanctions, for allegedly frivolous and bad-faith behavior related to the filing of the complaint in this case.[4]

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

Defendants move to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.[5] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. *See Sea Vessel Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Accordingly, the factual allegations of the complaint are presumed to be true, and the motion is

---

[4] On February 9, 2016, defendants filed another motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendants' latest motion seeks sanctions on substantially similar grounds, and despite this dismissal order the court retains jurisdiction to address that motion by way of separate order. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue . . . ."); *accord Willy v. Coastal Corp.*, 503 U.S. 131, 137–38 (1992) (permitting award of attorney's fees pursuant to Rule 11 following an improper removal and remand); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

[5] A federal court also "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).

1  granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.
2  *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003);
3  *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may
4  review evidence beyond the complaint without converting the motion to dismiss into a motion for
5  summary judgment" when resolving a facial attack. *Safe Air for Everyone*, 373 F.3d at 1039.

6  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction,
7  however, no presumption of truthfulness attaches to the plaintiff's allegations. *Thornhill Publ'g*,
8  594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review
9  any evidence, such as affidavits and testimony, to resolve factual disputes concerning the
10 existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). When a
11 Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the
12 burden of establishing that such jurisdiction does in fact exist. *Thornhill Publ'g.*, 594 F.2d at 733.

13 A.   Diversity Jurisdiction

14 District courts have original jurisdiction of civil actions where the matter in controversy
15 exceeds $75,000 and where the suit is between (1) citizens of different states; (2) citizens of a
16 state and citizens or subjects of a foreign state; (3) citizens of different states in a suit in which
17 citizens or subjects of a foreign state are additional parties; or (4) a foreign state as plaintiff and
18 citizens of a state or of different states. 28 U.S.C. § 1332(a).

19 Complete diversity is required, and one instance of common citizenship between plaintiffs
20 and defendants will prevent federal diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah*
21 *Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[W]e have consistently interpreted § 1332 as requiring
22 complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the
23 action of a single plaintiff from the same State as a single defendant deprives the district court of
24 original diversity jurisdiction over the entire action."); *Abrego Abrego v. Dow Chem. Co.*, 443
25 F.3d 676, 679 (9th Cir. 2006) ("[T]he Supreme Court has repeatedly held, and recently reiterated,
26 that § 1332(a) requires complete diversity . . . ."). Diversity is determined by the state of facts
27 that existed when the case was filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567,
28 570–71 (2004).

In this case, plaintiff alleges that this court has diversity jurisdiction over the claims presented in its complaint pursuant to § 1332(a)(1). However, it is clear that plaintiff and at least three defendants are citizens of California. Indeed, according to the allegations of plaintiff's complaint, plaintiff Inviron and defendants Riverwood and Riverwood Gas and Oil, LLC are all California corporations, while defendant Aliet-Gass is a citizen of California. (Doc. No. 1 at 5–6.) The common citizenship of plaintiff and at least one defendant prevents federal diversity jurisdiction over this suit.

B.      Federal Question Jurisdiction

Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action "arises under" federal law pursuant to § 1331 if the cause of action is (1) created by federal law, or (2) necessarily requires resolution of a substantial question of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.* 545 U.S. 308, 314 (2005); *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000).

Here, plaintiff principally alleges that this court has federal question jurisdiction because its claims relate to federal land leases granted pursuant the Mineral Leasing Act:

> This Court has Jurisdiction because under the **Mineral Leasing Act** (**30 U.S.C. §185**) the Bureau of Land Management (BLM) gave WSI a lease to explore for oil in Kern County, California and the lease was approved by a variety of Federal agencies, and the conditions for giving leases were contained in the subject lease.
>
> The lease granted to WSI specifically granted a working interest is interest in reality of Federal Land, to which Federal Courts have exclusive jurisdiction over Federal Lands . . .

(Doc. No. 1 at 11 (emphasis in original).) But plaintiff fails to demonstrate, either in its complaint or at oral argument on the pending motion, how defendants' actions violate the Mineral Leasing Act or how plaintiff's right to relief is otherwise derived from federal law. *See, e.g.*, *Naartex Consulting Corp. v. Watt*, 542 F. Supp. 1196, 1202 (D.D.C. 1982) ("Congress did not

1   intend to create a private right of action to police against transgressions of the [Mineral Leasing]
2   Act by private parties."), *aff'd*, 722 F.2d 779 (D.C. Cir. 1983).  Specifically, plaintiff's claims are
3   all rooted in disputes over the terms of contract agreements between private parties — not the
4   land leases themselves.  Plaintiff's complaint does not point to a specific federal statute that
5   would guide this court in the resolution of the parties' contract dispute.[6]  Instead, plaintiff appears
6   to merely imply that the agreements in dispute — namely the LOI and JOA — implicate federal
7   law by virtue of their relation to a separate lease issued pursuant to the Mineral Leasing Act.  The
8   court concludes that this allegation is insufficient to confer federal subject matter jurisdiction.

9         To the extent plaintiff argues that these state law claims require resolution of a substantial
10  question of federal law, it must show that the state-law claim necessarily raises a federal issue, the
11  federal issue is actually disputed and substantial, and the exercise of federal jurisdiction would
12  not disturb "any congressionally approved balance of federal and state judicial responsibilities."
13  *Grable & Sons*, 545 U.S. at 314.  Here, plaintiff's complaint is silent as to what substantial
14  federal issue must be decided to resolve any of its claims.  Because plaintiff has failed to establish
15  a basis sufficient to confer subject matter jurisdiction on this court, this case must be dismissed.[7]

16                                          MOTION FOR SANCTIONS

17      Defendants' motion for attorney's fees and costs amounts to a motion for sanctions under
18  both 28 U.S.C. § 1927 and the court's inherent authority.  In summary, defendants enumerate the
19  following bases for the imposition of sanctions against plaintiff and its counsel:

20      (1)    Plaintiff's counsel fails to articulate a reasonable basis for federal subject matter
21             jurisdiction;

---

[6] At the hearing, plaintiff's counsel acknowledged that the complaint fails to state any federal claims.  When pressed to identify a federal statute that confers subject matter jurisdiction on this court, plaintiff's counsel indicated that he originally intended to initiate this action to quiet title to federal property under 28 U.S.C. §§ 2409a and 2410.  But he admitted that no such claim appears in the complaint, and the court finds no allegations that amount to such a claim in the complaint.

[7] Defendants also move to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Because this court has determined that it does not have subject matter jurisdiction over plaintiff's claims, it need not reach this basis for dismissal.

|   |     |     |
|---|-----|-----|
| | (2) | Plaintiff's counsel has represented defendant Riverwood in at least one other state court action since the filing of this complaint; |
| | (3) | Plaintiff has served only a small fraction of parties named in the complaint, and has improperly named the Bureau of Land Management as a party to this action, in an attempt to invoke subject matter jurisdiction; |
| | (4) | Plaintiff's counsel has likely coordinated with other parties to (a) file the instant action five weeks before the scheduled trial in state court for the related *Riverwood* case, and (b) have defendant Jose Miguel Aguilar improperly remove that case from state court (*see Riverwood Energy, LLC v. W. States Int'l, Inc.*, No. 1:15-cv-01736-DAD-JLT); |
| | (5) | The notice of removal in the *Riverwood* case was procedurally and substantively deficient; and |
| | (6) | Plaintiff has no standing to pursue contract claims against defendants WSI and Aliet-Gass because it has no privity of contract with either party. |

(Doc. No. 29 at 2–6.)  For the reasons set forth below, the court declines to impose sanctions.

A.   28 U.S.C. § 1927

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  However, § 1927 applies only to conduct once a lawsuit has commenced, and cannot be applied to an initial pleading.  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996).  Defendants' allegations of opposing counsel's prelitigation misconduct and misconduct in other proceedings cannot give rise to sanctions under § 1927.  *See, e.g.*, *GRiD Systems Corp. v. John Fluke Mfg. Co., Inc.*, 41 F.3d 1318, 1319 (9th Cir. 1994) (finding conduct in a state court is not subject to the district court's sanctioning power under § 1927).  To the extent defendants suggest misconduct by counsel in this case, those allegations are limited only to the filing of the complaint.  Thus, the court finds no basis for the imposition sanctions under § 1927.

/////

B. The District Court's Inherent Authority Under *Chambers*

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991). The inherent power to impose sanctions against attorneys includes situations where there is bad faith litigation or willful disobedience of court rules or orders. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1481–82 (9th Cir. 1989); *see also In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009) (holding that the court must make explicit finding of bad faith or willful misconduct before imposing sanctions under its inherent sanctioning authority). The term bad faith "includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Sanctions are thus "available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994. *See also In re Keegan*, 78 F.3d at 436. "Willful misconduct" or "conduct tantamount to bad faith" is "something more egregious than mere negligence or recklessness." *In re Lehtinen*, 564 F.3d at 1058 (internal quotation marks and citations omitted). Nevertheless, sanctions should be reserved for "serious breaches." *Zambrano*, 885 F.2d at 1485. Furthermore, the Supreme Court has warned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44.

While plaintiff's assertion of federal subject matter jurisdiction is perplexing at best, the court cannot find that plaintiff's counsel has acted in bad faith or with willful disregard of the court's rules thereby justifying the imposition of sanctions. Moreover, the court declines to impose sanctions on counsel here on the basis of alleged misconduct by other parties. *See, e.g., Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 650 (9th Cir. 1997) (noting that sanctions may be imposed against counsel based only on their "own improper conduct without considering the conduct of the parties or any other attorney"). Despite what may be arguably questionable conduct among several parties involved in this and the related *Riverwood* litigation, restraint dictates that sanctions not be imposed on plaintiff's counsel in this action pursuant to the court's inherent authority. Accordingly, defendants' motion for attorney's fees and costs is denied.

ORDER

For the reasons set forth above:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. Nos. 17, 21, 25, 28) is GRANTED; and

2. Defendants' motion for attorney's fees and costs (Doc. No. 29) is DENIED.

IT IS SO ORDERED.

Dated:   **March 4, 2016**                         *Dale A. Drozd*
                                         UNITED STATES DISTRICT JUDGE