UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INVIRON TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTERN STATES INTERNATIONAL, INC. et al., <br><br> Defendants. | No. 1:15-cv-01643-DAD-JLT <br><br> ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS AGAINST COUNSEL FOR PLAINTIFF <br><br> (Doc. No. 40) |

This matter comes before the court on defendants Western States International, Inc. ("WSI") and Ingrid Aliet-Gass's motion for sanctions against counsel for plaintiff Inviron Technologies, Inc. ("Inviron") pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. No. 40.) The court has considered the defendants' arguments, and for the reasons set forth below, denies the motion.

PROCEDURAL BACKGROUND

Plaintiff Inviron commenced this action for declaratory judgment on October 23, 2015. (Doc. No. 1.) On December 21, 2015, defendants WSI and Aliet-Gass filed a motion to dismiss plaintiff's claims. (Doc. No. 25.) On December 28, 2015, defendants WSI and Aliet-Gass filed a motion for attorney's fees and costs. (Doc. No. 29.) That motion sought the imposition of sanctions against plaintiff and its counsel, pursuant to both 28 U.S.C. § 1927 and the district

1

court's inherent power to impose sanctions, for allegedly frivolous and bad-faith behavior related to the filing of the complaint in this action.  On February 9, 2016, defendants filed the instant motion for sanctions, which seeks the award of sanctions against plaintiff's counsel on substantially similar grounds as advanced in support of defendant's earlier motion for attorney's fees and costs.  (Doc. No. 40.)  In summary, defendants enumerate the following factual bases for the imposition of sanctions:

(1) Plaintiff's counsel failed to articulate a reasonable basis for federal subject matter jurisdiction over this action;

(2) Plaintiff's counsel represented defendant Riverwood Energy, LLC ("Riverwood") in at least one other state court action since filing the complaint in this action;

(3) Plaintiff served only a small fraction of parties named in the complaint, and improperly named the Bureau of Land Management ("BLM") as a party to this action, in an attempt to invoke subject matter jurisdiction;

(4) Plaintiff's counsel likely coordinated with other parties to (a) file the instant action five weeks before the scheduled trial in state court for the related *Riverwood* case, and (b) have defendant Jose Miguel Aguilar improperly remove that case from state court (*see Riverwood Energy, LLC v. W. States Int'l, Inc.*, No. 1:15-cv-01736-DAD-JLT);

(5) The notice of removal in the *Riverwood* case was procedurally and substantively deficient;[1] and

(6) Plaintiff had no standing to pursue contract claims against defendants WSI and Aliet-Gass because it has no privity of contract with either party.

(*See id.* at 2–6.)

/////

---

[1] The court notes that the defendants in *Riverwood* did not move for the award of sanctions on the basis that that action was improperly removed.  The court expresses no opinion regarding whether sanctions would have been imposed in that case had such a motion been made or whether the state court may award sanctions following the remand of that action.  The court states only that it does not believe the award of sanctions in this action based upon allegations of an improper removal of a separate action is authorized under Rule 11.

On March 7, 2016, the court granted defendants' motion to dismiss this action for lack of subject matter jurisdiction[2] and denied defendants' motion for attorney's fees and costs. (Doc. No. 45.) In its dismissal order, however, the court specifically retained jurisdiction to address this motion for sanctions. (*Id.* at 4 n.4.)

## LEGAL STANDARD

In relevant part, Rule 11 of the Federal Rules of Civil Procedure provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> \* \* \*
>
> **(c) Sanctions.**
>
> **(1) In General.** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. P. 11.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 437 (9th Cir. 1996) (*quoting Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S.

---

[2] On the same day, the court granted a motion to remand the *Riverwood* case to state court on substantially similar grounds. *See Riverwood*, No. 1:15-cv-01736-DAD-JLT, Doc No. 21 (E.D. Cal. Mar. 7, 2016).

384, 393 (1990). When a court examines a complaint for frivolousness under Rule 11, it must determine both (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney conducted a reasonable and competent inquiry before signing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). A nonfrivolous complaint cannot be filed for an improper purpose. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell*, 496 U.S. at 399–405).

## DISCUSSION

Defendants move for the imposition of sanctions on grounds that plaintiff's complaint fails to comply with Rules 11(b)(1) and (2). (Doc. No. 40 at 7.) In particular, defendants argue that "all of the relief requested in Plaintiff's Complaint is predicated on . . . an order against the federal government agency the BLM." (*Id.* at 8.) As an initial matter, while the complaint filed by plaintiff in this action appears to seek mandamus relief from a federal agency, not all requested relief depends thereon. For example, the complaint on several occasions seeks declaratory relief as to the parties' rights under state contract law. Such judgments would not require mandamus relief against the BLM. Furthermore, neither plaintiff's purported failure to serve its complaint on the BLM nor its request for relief against the agency rises to the level of a Rule 11 violation. The court does not find (as defendants do not present adequate evidence) that the issue of sovereign immunity here is so clear that plaintiff's inclusion of a federal agency in its complaint amounts to sanctionable conduct. To the extent relief against a federal agency would have been legally precluded, the court declines to find that plaintiff's complaint is baseless—and therefore frivolous—under an objective standard.

Moreover, insofar as defendants contend that their arguments in a motion to dismiss form the basis of a Rule 11 violation (*see id.* at 7), the court similarly declines to impose sanctions. While the court agreed that plaintiff's complaint failed to confer subject matter jurisdiction, it did so after noting and considering plaintiff's good-faith—albeit unpersuasive—legal arguments. The court also finds that the alleged claims in general are not legally or factually baseless from an objective perspective.

Finally, because the complaint is nonfrivolous, the court declines to find that it was filed for an improper purpose under Rule 11. Defendants allege a laundry list of questionable conduct, by plaintiff's counsel and several other parties to this action. While concerning if true, such extrinsic misconduct is not considered for the purposes of sanctions under Rule 11. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002) ("Rule 11 sanctions are limited to papers signed in violation of the rule.") (internal quotations omitted). Accordingly, defendants' motion for sanctions is denied.[3]

ORDER

For the reasons set forth above,

1. Defendants' motion for Rule 11 sanctions (Doc. No. 40) is denied; and
2. In light of the court's order granting defendants' motion to dismiss (Doc. No. 45), the court directs the Clerk of the Court to enter judgment and close this action.

IT IS SO ORDERED.

Dated: __**April 4, 2016**__                           _____
                                                                            UNITED STATES DISTRICT JUDGE

---

[3] The denial of this motion for imposition of sanctions should in no way be interpreted as this court approving of the conduct of plaintiff's counsel in this action. Plaintiff's counsel filed no opposition whatsoever to this motion. Similarly, plaintiff's counsel filed an untimely, and plainly inadequate, opposition to defendants' motion to dismiss and for award of attorney's fees and costs. (*See* Doc. No. 45 at 1, n.1.) However, the quality of counsel's performance is not what is placed at issue by this motion. Rather, the question is whether the filing of the complaint was frivolous, and this court cannot say that it was.